## WOMACK *et al. v.* WALLING.

BILLS AND NOTES. *Construction of language in.* Note in these words: "$200. One day after date I promise to pay J. D. Walling two hundred dollars, borrowed money, in State Bank of Tennessee and Kentucky. This, 5th of March, 1863."

*Held*, That the words, "in State Bank of Tennessee and Kentucky," were intended to be descriptive of the funds borrowed and not of the funds in which the note was to be paid.

2. JUSTICE OF THE PEACE. *His power to alter his judgment after it has been rendered.* Where a Justice rendered a judgment for the amount due on the note, and added the words, "to be discharged in Tennessee and Kentucky Bank notes," and about a week after the execution had been stayed by defendant, at the instance of the plaintiff in the judgment, the Justice struck out and erased the above words.

*Held*, There was no error in this.

---

FROM WARREN.

---

Appeal from the Chancery Court. A. S. MARKS, Chancellor.

COLYAR, ROWEN & WOMACK for Womack.

W. E. B. JONES for Walling.

SNEED, J., delivered the opinion of the Court.

On the 5th of March, 1863, in the County of Warren, Tennessee Womack, the wife of the complainant (J. J. Womack), the latter being then absent in the military service, borrowed of defendant two hundred dollars, of which $185 was in Bank of

Tennessee notes, and $15 .in bank notes of the State of Kentucky, and she then and there executed a promissory note signed by herself and A. C. Womack for the amount so borrowed and delivered it to the defendant. The note was in the form following:

"$200.00.    One day after date we promise to pay J. D. Walling two hundred dollars borrowed money in State Bank of Tennessee and Kentucky. This, 5th March, 1863.              "Tennie G. Womack.
                                    "A. C. Womack."

On the 2d of May, 1868, a judgment was rendered on the note by a Justice of said county against the original parties thereto, and against the complainant (J. J. Womack), who had signed the note while it was in the hands of the officer for collection. The judgment was for the amount due on the note, with the words added: "To be discharged in Tennessee and Kentucky bank notes." The execution was duly staid at the instance of the complainant (J. J. Womack). About a week afterwards the defendant (Walling), who was the plaintiff in the judgment, upon being informed as to the character of the judgment rendered by the Justice, called upon the Justice and complained of the form of the judgment, and said if it was not changed he would carry the case into the Circuit Court. The Justice thereupon erased so much of the judgment as indicated the character of the funds it was to be paid in, thus leaving it a judgment in legal form, payable in

dollars. An execution was in time issued upon this judgment, and the officer states that the complainant promised to pay it if it could be held up for a while. In the meantime, however, the complainant filed this bill setting forth said erasure of the judgment as a wrongful act of the defendant, claiming that said note was payable in bank paper, and praying to have the matter adjusted in the Court of Equity, upon the basis of the alleged depreciated value of bank notes at the time of the transaction. The defendant answered, and denies that said note was payable in bank notes; asserts that the words therein employed were merely descriptive of the kind of funds loaned; denies all fraudulent or wrongful interest in procuring said erasure, and insists that at the time of said transaction the funds loaned were at par with United States Treasury notes in said County of Warren. The Chancellor granted the relief as prayed, fixing the value of said bank notes as sixty cents on the dollar. The defendant has appealed. Other questions are raised by the bill and answer, but as the case is presented to us, no other question need be considered. Much proof is taken as to the value of the kind of funds borrowed at the time of the transaction, and it is settled by the weight of it, as we think, that in the common trading transactions at the time, in Warren County, the funds borrowed were at par with United States currency. The decree of the Chancellor assumes that the note in question was payable in bank notes, and that the

defendant perpetrated a fraud in procuring the erasure in the judgment of the Justice. In both of these conclusions we think the Chancellor was in error. And we think the equities of these parties must depend upon the construction of the promissory note. If it was the intention of the parties that the note should be payable in bank paper currency, the Chancellor's decree has properly adjusted those equities, notwithstanding his mistaken assumption of a fraudulent purpose in the defendant in procuring the erasure. The contract is to be construed according to its intention, and this intention is to be ascertained from the words used, aided by the light of surrounding circumstances. The note binds the makers to pay "two hundred dollars borrowed money in State Bank of Tennessee and Kentucky." We can devise no aid from the punctuation of the instrument, for it is devoid of it, though punctuation, as has been said, is but a fallible guide for the interpretation of a writing. An instrument should be construed according to grammatical rule, but whether written in derogation of the strict rules of grammar, or in strict conformity to grammatical rule, the intention of it if it be manifest, must prevail. All relative words are in general as a rule of grammar, referable to the next antecedent, but this, though a rule of grammar, is not a rule of law, if the writing shows plainly that an earlier antecedent was intended. 2 Pars. Cont., 513. It is shown in this case that at the time of the contract, bank notes were par funds in

Womack *et al. v.* Walling.

the daily transactions of trade, and thus far we may safely assume that the intention of these parties was to pay and to collect in par funds.    United States Treasury notes were at that time part of the circulating medium, and coin having disappeared from circulation, was no longer a standard of value in daily traffic, but as we judicially know, was merely bought and sold as a merchantable commodity.    Confederate money was also a depreciated currency at the time, and United States Treasury notes, Confederate Treasury notes and State Bank paper constituted the only currency of the people.    The latter being at par with the United States currency, according to the weight of the proof, and the Confederate currency being depreciated, and the lawfulness of its circulation being in doubt, are facts, we think, which afford an explanation of the peculiar phraseology of the note in question.    In the absence, therefore, of any express obligation or contract to pay in bank paper, we hold that the words "State Bank of Tennessee and Kentucky," as used in this note, are qualified and explained by the word "borrowed," and are descriptive of the character of funds borrowed, and not of the money to be paid.    If we could lawfully derive any assistance from the parol proof in aid of this interpretation, we think the weight of it shows that such was the intention and understanding of the parties.    But we rest our conclusions alone upon the phraseology of the paper and the intention of the parties, as it can be gathered from the surrounding

circumstances. We hold, therefore, that the note should be read as if it were written for the payment of two hundred dollars, in consideration of that amount in Tennessee and Kentucky Bank paper, borrowed by the complainant of the defendant, which being then at par with United States currency, is now collectable in that currency. It is in doubt upon the proof whether the complainant did not assent to the erasure of the judgment of which he now complains. The defendant positively asserts it, but complainant denies it, and in view of the complainant's long acquiescence in it, and his ultimate promise to pay the execution issued upon the judgment as rendered, he may, perhaps, in strict law, be precluded from now denying it. But however this may be, the defendant, in suggesting said erasure, was merely insisting upon a legal right, and it was but the duty of the Justice to amend his judgment by striking out words which were not lawfully a part of it, but which we have held were mere surplusage. All judgments for money are by our law to be rendered in dollars, and a judgment payable in bank paper would be a nullity.

The decree is reversed, the bill dismissed. The complainants will pay the costs.